William Hays Weissman, Bar No. 178976
wweissman@littler.com
Michael W. Nelson, Bar No. 287213
mwnelson@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

Attorneys for Defendants
MAXIM, INC., MAXIM MEDIA, INC. and
BIGLARI HOLDINGS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JANE DOE, an Individual,

Plaintiff,

v.

MAXIM, INC.; MAXIM MEDIA, INC.; Tl ADVERTISING LLC; BIGLARI HOLDINGS INC.; THOMAS HERD, individually; and DIMETRI HOGAN, individually:,

Defendant.

Case No. 2:22-cv-05289-AS

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(3), 12(b)(6), MOTION TO STRIKE UNDER FRCP 12(f) OR FOR A MORE DEFINITIVE STATEMENT UNDER FRCP 12(e)**

Date: September 22, 2022
Time: 10:00 a.m.
Ctrm: 540, 5th Floor
Judge: Hon. Alka Sagar

## I. INTRODUCTION

Defendants Maxim, Inc., Maxim Media, Inc. and Biglari Holdings Inc. (collectively "Maxim Defendants") file this motion alternatively under Federal Rules of Civil Procedure 12(b)(3) (improper venue), 12(b)(6) (failure to state a cause of action), 12(e) (more definitive statement) and 12(f) (motion to strike). Specifically, the Maxim Defendants contend that *first*, the matter is not properly venued in the California courts because not one single fact occurred in California, not all Defendants are residents of California, and nothing prevents another appropriate district court from hearing this matter. Fed. R. Civ. Proc. 12(b)(3). Thus, thus the complaint should be dismissed in its entirely.

*Second*, Plaintiff's claim under the Trafficking Victims Protection Act (first cause of action) fails because no facts allege proper venue or that the Maxim Defendants had knowledge of or received anything of value from the allegations, even accepting them as true.

*Third*, Plaintiff's fifth cause of action for sexual harassment in violation of the Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code §12940), sixth cause of action for discrimination in violation of FEHA, seventh cause of action for failure to prevent harassment and discrimination in violation of FEHA, eighth cause of action for retaliation in violation of FEHA, ninth cause of action for wrongful termination in violation of public policy and tenth cause of action for aiding and abetting in violation of FEHA all fail because FEHA does not extend to conduct that does not occur within California. Moreover, Maxim Media, Inc. does not employ at least five persons, and thus is not covered by FEHA. Also, because the FEHA claims fail, the derivative ninth cause of action for wrongful termination, fifteenth cause of action for negligent supervision and sixteenth cause of action for negligent failure to warn, train or educate also fail because they cannot be maintained if there is no FEHA violation.

*Fourth*, none of the Maxim Defendants ever employed during the relevant period 15 or more employees, and thus are not subject to Title VII. As such her eleventh cause

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

of action for discrimination under Title VII, twelfth cause of action for hostile work environment and quid pro quo sexual harassment under Title VII, and thirteenth cause of action for retaliation under Title VII all fail.

*Fifth*, to the extent that the causes of action against other defendants survive, the Maxim Defendants should be stricken from the complaint as to the foregoing causes of action for which they cannot be liable as a matter of law.

*Sixth*, if the Court declines to dismiss the action, Plaintiff should at least be required to provide a more definitive statement that pleads actual facts demonstrating that all facts showing that Maxim Media, Inc. is subject to FEHA, all facts showing that the Maxim Defendants are subject to Title VII and all facts showing that the Maxim Defendants both received something of value relating to the alleged conduct or knew or should have known about Herd and Hogan's conduct, and what if any relationship Plaintiff had to the Maxim Defendants that could possibly establish liability.

## II. BACKGROUND FACTS AND PROCEDURE

### 1. The Parties.[1]

Plaintiff contends that she is a model and social media influencer who was sexually harassed and coerced into performing sexual acts by individual defendants Thomas Herd and Dimetri Hogan. *See* generally Compl. ¶¶ 18-74. Herd is the founder and CEO of a digital marketing agency, T1 Advertising, and Mr. Hogan is the Vice President of T1 Advertising. Compl. ¶¶ 6-7; Request for Judicial Notice ("RJN"), Ex. A at FCHR0063. T1 Advertising purports to publish between five to 10 articles on behalf of its clients monthly on "over 50 of today's leading magazines and media sites

[1]Plaintiff's administrative charge filed with the Florida Commission on Human Rights using her actual name. When Plaintiff filed her complaint in the Los Angeles County Superior Court, she did so using a pseudonym. In order to file using a pseudonym in federal court a party must make application to do so, which Plaintiff has not done to date. *See John v. County of Sacramento*, 2018 U.S. Dist. LEXIS 86865 (E.D. Cal. 2018). Moreover, because the Maxim Defendants have no employment or contractual relationship of any kind with Plaintiff, it cannot verify who she is in this litigation without her identifying herself in some manner. Irrespective, because Plaintiff lodged her administrative charge in her own name the Maxim Defendants present it here without redaction.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

including *Forbes*, *Entrepreneur*, *Haute Living*, *Haute Time*, *Ocean Drive*, *LA Confidential*, *Toys for Boys Magazine*, *Maxim Magazine*, etc." *Id.* As an advertising agency, at times T1 Advertising pays for placements on the online magazine, Maxim.com, for its clients. *Id.* Those posts indicate that they are "Presented by T1" to signify that they are paid content. *Id.* In other words, Maxim ***charges*** T1 Advertising for its posts; Maxim does not pay T1 Advertising (or Herd) for any of Herd's posts (or for any other services). *Id.*

Maxim Inc., which is primarily dedicated to licensing and media, has been the company controlling the operations, employees, activities and the like for Maxim Magazine ("Maxim") since February 2014. *Id.* at FCHR0062. From 2019 to mid-2021, Maxim Inc. employed five to seven persons per quarter. *Id.* Maxim Media Inc. has not been actively operating and, as a result, it has not had any employees during that time period. *Id.* At no time was Plaintiff ever associated with the Maxim Defendants, none of whom either communicated with her directly, contacted her, or compensated her in any way. *Id.* at FCHR0063.

**2. Procedural Background.**

On or about July 27, 2021, Plaintiff filed administrative charges against Maxim, Inc. and Maxim Media, Inc. with the Florida Commission on Human Relations ("Commission") alleging almost verbatim the same facts alleged in the complaint. *Id.* at FCHR0010-0019. On November 10, 2021, Plaintiff filed an essentially identical administrative charge with the Commission against Biglari Holdings, Inc. *Id.* at FCHR0029-0038. On January 14, 2022, the Commission issued a "Determination: no reasonable cause" to both Plaintiff and Maxim Media, Inc. and Maxim, Inc. *Id.* at FCHR0531. On April 1, 2022, the Commission issue a "Determination: no reasonable cause" to the Plaintiff and Biglari Holdings, Inc. *Id.* at FCHR0534.

Plaintiff had 35 days to request an administrative hearing. Rather than do so, on June 8, 2022, Plaintiff refiled her administrative charge with the California Department of Fair Employment and Housing ("DFEH"). *See* RJN, Ex. B. The DFEH issued a

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

"right to sue letter" and Plaintiff filed her complaint in the Los Angeles County Superior Court on or about June 9, 2022. *Id.* The Maxim Defendants were served on June 29, 2022, and removed to this Court on July 29, 2022.

## III. ARGUMENT

### A. Venue Is Not Proper in This Court (FRCP 12(b)(3)).

A court may dismiss an action for "improper venue." Fed. R. Civ. Proc. 12(b)(3). Unlike a 12(b)(6) motion, the court is not obligated to accept the pleadings as true and may consider other facts. *R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Further, once a defendant raises improper venue, the burden shifts to plaintiff to establish why the selected venue is proper. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Venue is governed generally by 28 U.S.C section 1391. Plaintiff cannot establish that this Court is a proper venue within the meaning of section 1391. *First*, even if the Maxim Defendants reside in California because they do business in California, the complaint establishes that not all defendants reside in California. *Id.*, at § 1391(b)(1); *see* Compl. ¶¶ 2-7 (failing to identify that Herd or Hogan are residents of California). To the contrary, Plaintiff's own administrative filing with the Commission establishes that Herd and Hogan are residents of Florida. RJN, Ex. A, at FCHR0010, FCHR0029.

*Second*, Plaintiff fails to plead even a single fact that occurred in California, let alone "a substantial part of the events or omissions giving rise to the claim …." 28 U.S.C. § 1391(b)(2); *Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078, 1079-1080 (9th Cir. 1976). For example, Plaintiff alleges that the first photo shoot occurred in Florida, while the second photo shoot occurred in Saint Lucia. *See* Compl., at ¶¶ 21-23 (alleging conduct occurring in Florida); ¶¶ 40-61 (alleging conduct occurring in Saint Lucia).

*Third*, Plaintiff fails to show that the complaint could not be brought in another judicial district. 28 U.S.C. § 1391(b)(3).

Accordingly, the complaint fails to properly plead that venue is proper in the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

United States District Court for the Central District of California and should be dismissed in its entirety.

**B. Plaintiff Fails to Properly Plead Most Causes of Action (FRCP 12(b)(6)).**

**1. Standard For a 12(b)(6) Motion.**

Generally, the allegations in the Complaint are accepted as true and construed in the light most favorable to the non-moving party on a motion under Federal Rule of Civil Procedure 12(b)(6). However, a court may take judicial notice of state administrative proceedings, and thus consider facts outside the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-690 (9th Cir. 2001); *Demekpe v. County of Los Angeles*, 2015 U.S. Dist. LEXIS 179342, *15-*17 (C.D. Cal. 2015) (taking judicial notice of EEOC charge and citing authorities relating to taking judicial notice of state administrative proceedings). Further, a court may disregard any allegations that are contradicted by facts that are properly subject to judicial notice. *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). This is particularly true where, as here, Plaintiff has only made allegations "upon information and belief." *See* Compl., Caption. Also, a court may disregard allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Here, many of Plaintiff's purported allegations fall within these categories. As discussed further below, the administrative charge filed with the Commission demonstrates that the Maxim Defendants do not have more than fifteen employees, as required for Title VII, and that Maxim Media, Inc. does not even have the five or more employees required to be subject to FEHA. Further, while Plaintiff alleges that the Maxim Defendants "hired" her for photo shoots (e.g., Compl., ¶¶ 21, 40), she fails to allege any *actual* facts supporting that legal conclusion, such as that she interviewed with Maxim, submitted an I-9 or Form W-4, received an offer letter or contract of employment, or was paid by the Maxim Defendants. At most, Plaintiff's complaint



LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

establishes that individual defendants Herd and Hogan falsely claimed that they worked for the Maxim Defendants and were acting on their behalf, but there are no allegations showing that any of the Maxim Defendants actually gave them such authority. Indeed, no such facts exist because none of the Maxim Defendants ever employed Herd or Hogan in any capacity.

In addition, the allegations in the complaint contradict the allegations in the administrative charge. For example, while the Complaint claims that the Maxim Defendants "hired" Plaintiff, in her administrative charges against the Maxim Defendants she alleges that "HERD hired Claimant." RJN, Ex. A at FCHR0013, ¶ 10. Apparently discovering the defect in her administrative charge, she added allegations in the Complaint, but did so after receiving the Maxim Defendants' position statements, and thus knew that her allegations were not supported by actual evidence. As such, the Court should be mindful of Plaintiff's Complaint, including its contradictions with her administrative charge and that virtually no actual facts – merely conclusory statements – are alleged in the Complaint that relate to the Maxim Defendants.

**2. Plaintiff First Cause of Action Fails to Satisfy the Statute.**

Plaintiff's first cause of action is for violation of the Trafficking Victims Protection Act ("TVPA"). 18 U.S.C. § 1591 *et. seq*. "However, '[c]ivil causes of action [. . .] do not generally lie under the criminal statutes contained in Title 18 of the United States Code.'" *See, e.g.*, *Zachay v. Metzger,* 967 F.Supp. 398, 403 (S.D. Cal. 1997). This is generally true because private citizens do not have the constitutional right to criminally prosecute others." *Thomas v. Bryant*, 2009 U.S. Dist. LEXIS 77031 (W.D. Wash. 2009), *3-*6.

In 2003 Congress amended the TVPA to include a limited civil cause of action "against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew of should have known has engaged in an act in violation of" the TVPA "in an appropriate district court of the United States …." *See* 18 U.S.C § 1595(a). Plaintiff's complaint fails to meet the



LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

requirements for pleading a civil cause of action under the TVPA for several reasons. *First*, no facts in the Complaint establish that the Maxim Defendants financially benefitted or received anything of value as a result of the conduct alleged.

*Second*, nothing in the Complaint establishes that the Maxim Defendants knew or should have known about either Herd or Hogan's conduct. For example, nowhere in the Complaint does Plaintiff indicate that she complained to any of the Maxim Defendants or otherwise put them on notice on the conduct she alleges against Herd or Hogan.

*Third*, the complaint has not been filed in "an appropriate" court because no conduct is alleged to have occurred in California. *See supra* at III.A (venue improper).

**3. Because No Conduct Occurred in California, Plaintiff Has Not Pled Sufficient Facts Under FEHA or the Derivative Claims (Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Fifteenth and Sixteenth Causes of Action).**

The Complaint alleges that all relevant conduct occurred either in Florida or Saint Lucia. No conduct is alleged to have occurred within California. FEHA does not extend to conduct that occurred outside California. *See Gulaid v. CH2M Hill, Inc*., 2016 U.S. Dist. LEXIS 137227 (N.D. Cal. 2016), *24-*26 (gathering cases holding that FEHA does not apply to conduct that occurs outside California even if the plaintiff is a California resident).

In addition, because all FEHA claims fail, the derivative ninth cause of action for wrongful termination, fifteenth cause of action for negligent supervision and sixteenth cause of action for negligent failure to warn, train or educate also fail. *Gulaid*, 2016 U.S. Dist. LEXIS 137227 at *29 (noting that if a plaintiff fails to plead a FEHA claim, then "as a matter of law Plaintiff therefore also does not sufficiently state a claim for failure to take all reasonable steps to prevent such conduct.") (citation omitted).

**4. Maxim Media, Inc. Is Not Subject to FEHA.**

Maxim Media, Inc. is not subject to FEHA because it did not regularly employ five or more persons during the relevant period. *See* Cal. Gov't Code, § 12926(d)



LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(defining an "employer" under FEHA as a person that "regularly employing five or more persons ….."). This fact was made clear in the November 16, 2021, Declaration of Kai Olderog, which is part of the administrative charge, who stated that Maxim Media, Inc. "is an inactive company. It was formed in 2014 to hold licenses and trademarks acquired by Maxim Inc. [Maxim Media, Inc.] has never had any employees and was never utilized to hold licenses and trademarks." RJN, Ex. A at FCHR0152, ¶3. Because the Complaint's allegation that Maxim Media, Inc. "regularly employ[s] five or more persons in the State of California" (*see* Compl., ¶ 13) is contradicted by sworn statement that may be judicially noticed as part of the state administrative charge proceedings, the Court can ignore this allegation and find that Maxim Media, Inc. is not subject to FEHA.

### 5. The Maxim Defendants Are Not Subject to Title VII and Therefore the Tenth, Eleventh and Twelfth Causes of Action Fail.

None of the Maxim Defendants are subject to Title VII because none are an employer with fifteen or more employees "in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e. These facts were also set out in the response to the Florida administrative charges. For example, the November 15, 2021, declarations of Kai Olderog, January 14, 2022, declaration of Bruce Lewis, and Maxim, Inc. and Biglari Holding, Inc.'s federal Form 941 (quarterly federal payroll tax returns showing less than fifteen employees), all submitted under penalty of perjury, clearly demonstrate that all the Maxim Defendants had less than 15 employees during all relevant periods, and thus are not subject to Title VII. *See* RJN, Ex. A. FCHR0149-0153, 0163-0164.

Moreover, the Complaint fails to contain any allegation that the Maxim Defendants had fifteen or more employees. *See* Compl., ¶ 2-3, 5 (allegations regarding each of the Maxim Defendants but making no allegation regarding the number of employees), ¶ 13 (only alleging Maxim Defendants regularly employ five or more persons in California); ¶¶ 174-193 (Title VII causes of action making no mention of Maxim Defendants employing at least fifteen employees). As such, the Court may take

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

judicial notice of the state administrative charge and find that the Maxim Defendants are not subject to Title VII.

**C. If the Court Will Not Strike the FEHA and Title VII Causes of Action From the Complaint, Maxim Media, Inc. Should at Least Be Stricken Because It It Not Subject to Either Statute (FRCP 12(f)).**

If the court will not dismiss the FEHA and derivative causes of action, Maxim Media, Inc. should at least be stricken from the fifth, sixth, seventh, eighth, ninth, tenth, fifteenth and sixteenth causes of action because it is not subject to FEHA. Fed. R. Civ. Proc. 12(f). Similarly, if the Court will not dismiss the Title VII causes of action, the Maxim Defendants should be stricken because they are not subject to Title VII.

**D. If the Court Declines to Dismiss the Causes of Action, Plaintiff Should Still Be Compelled to Offer a More Definitive Statement of Facts.**

Even if the court will not dismiss the causes of action as set forth in this Motion, Plaintiff should still be compelled to provide a more definitive statement that clarifies all facts that occurred in California, all facts showing that Maxim Media, Inc. is subject to FEHA, all facts showing that the Maxim Defendants are subject to Title VII and all facts showing that the Maxim Defendants both received something of value relating to the alleged conduct or knew or should have known about Herd and Hogan's conduct and what if any relationship Plaintiff had to the Maxim Defendants that could possibly establish liability.

**IV. CONCLUSION**

Plaintiff's Complaint should be dismissed in its entirety for improper venue. If the Court declines to do so, it must at least dismiss the Maxim Defendants from all the FEHA and derivative claims as well as all the Title VII causes of action. If it declines to dismiss the causes of action, it should alternatively strike the Maxim Defendants from such causes of action. Lastly, if nothing else, Plaintiff should be required to plead actual facts rather than mere conclusions demonstrating that FEHA and Title VII apply to the Maxim Defendants, all facts showing that the Maxim Defendants both received something of value relating to the alleged conduct or knew or should have known about

Herd and Hogan's conduct, and what if any relationship Plaintiff had to the Maxim Defendants that could possibly establish liability.

Dated: August 5, 2022

LITTLER MENDELSON, P.C.

William Hays Weissman
Michael W. Nelson

Attorneys for Defendants
Maxim, Inc., Maxim Media, Inc. and
Biglari Holdings

4875-2677-7900.1 / 117062-1001