William Hays Weissman, Bar No. 178976
wweissman@littler.com
Michael W. Nelson, Bar No. 287213
mwnelson@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Telephone:  925.932.2468
Fax No.:     925.946.9809

Attorneys for Defendants
MAXIM, INC., MAXIM MEDIA, INC. and
BIGLARI HOLDINGS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>MAXIM, INC.; MAXIM MEDIA, INC.; Tl ADVERTISING LLC; BIGLARI HOLDINGS INC.; THOMAS HERD, individually; and DIMETRI HOGAN, individually:,<br><br>Defendant. | Case No.  2:22-cv-05289-MEMF-PD<br><br>**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), 12(b)(3), 12(b)(6), MOTION TO STRIKE UNDER FRCP 12(f) OR FOR A MORE DEFINITIVE STATEMENT UNDER FRCP 12(e)**<br><br>Date: October 20, 2022<br>Time: 10:00 a.m.<br>Ctrm: 8B, 8th Floor<br>Judge: Hon. Maame Ewusi-Mensah Frimpong |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION ............................................................................. 7

II.  BACKGROUND FACTS AND PROCEDURE ................................ 9

    A.   The Parties. ............................................................................ 9

    B.   Procedural Background........................................................... 11

III. ARGUMENT ................................................................................... 12

    A.   Venue Is Not Proper in This Court (FRCP 12(b)(3)). ............. 12

    B.   Plaintiff Fails to Properly Plead Most Causes of Action (FRCP 12(b)(6)). .............. 14

        1.   Standard for a 12(b)(6) Motion.......................................... 14

        2.   Plaintiff's First Cause of Action Fails to Satisfy the Statute. ....................... 14

        3.   The Second and Third Causes of Action for Sexual Battery and Sexual Assault Fail. ............................. 15

        4.   The Maxim Defendants Never Employed Plaintiff, Herd, or Hogan, and Therefore All Causes of Action Predicated on an Employment Relationship Fail. ............................. 18

        5.   Plaintiff's FEHA Claims and Derivative Claims Fail................................... 20

            a.   Because No Conduct Occurred in California, Plaintiff Has Not Pled Sufficient Facts Under FEHA or the Derivative Claims (Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Causes of Action). ................. 20

            b.   Maxim Media, Inc. Is Not Subject to FEHA. ................. 21

            c.   Plaintiff's FEHA Claims for Harassment, Retaliation, and Aiding and Abetting Fail Because There Are No Facts Establishing that the Maxim Defendants Were Aware of Illegal Conduct. ......................... 21

        6.   The Negligence and Negligent Supervision Claims Fail Because Workers' Compensation Is the Exclusive Remedy for Workplace Injuries. ............................. 22

        7.   The Intentional and Negligent Infliction of Emotional Distress Claims Fail. ............................. 23

    C.   Plaintiff's Fifteenth Cause of Action for Violation of Saint Lucia's Equality Opportunity and Treatment in Employment and Occupation Act Fails (FRCP 12(b)(1)).......................... 24

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

**TABLE OF CONTENTS**
(CONTINUED)

PAGE

D.   If the Court Will Not Strike the FEHA Causes of Action From the Complaint, Maxim Media, Inc. Should at Least Be Stricken Because It Is Not Subject to That Statute (FRCP 12(f)) ............................................................................ 24

E.   Plaintiff Should Be Denied Leave to Amend. ............................................. 25

F.   If the Court Declines to Dismiss the Causes of Action, Plaintiff Should Still Be Compelled to Offer a More Definitive Statement of Facts. ................................ 25

IV.   CONCLUSION .................................................................................................. 25

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Ankenbrandt v. Richards*,
   504 U.S. 689 (1992)....................................................................................24

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................14, 16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................16

*Commercial Lighting Products, Inc. v. United States District Court*,
   537 F.2d 1078 (9th Cir. 1976) ...............................................................12, 13

*Demekpe v. County of Los Angeles*,
   2015 U.S. Dist. LEXIS 179342 (C.D. Cal. 2015) .........................................14

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ......................................................................14

*Gulaid v. CH2M Hill, Inc.*,
   2016 U.S. Dist. LEXIS 137227 (N.D. Cal. 2016) .................................20, 21

*John v. County of Sacramento*,
   2018 U.S. Dist. LEXIS 86865 (E.D. Cal. 2018) ...........................................9

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ......................................................................14

*McGee v. Poverello House*,
   2021 U.S. Dist. LEXIS 153127 (N.D. Cal. 2021) .......................................23

*Mullis v. United States Bankr. Ct.*,
   828 F.2d 1385 (9th Cir. 1987) ....................................................................14

*Narayan v. Cty. of Sacramento*,
   2022 U.S. Dist. LEXIS 12808 (E.D. Cal. 2022)..........................................25

*R.A. Argueta v. Banco Mexicano, S.A.*,
   87 F.3d 320 (9th Cir. 1996) .......................................................................12

*Rio Properties, Inc. v. Rio Intern. Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ...................................................................12

*Thomas v. Bryant*,
   2009 U.S. Dist. LEXIS 77031 (W.D. Wash. 2009) ....................................15

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

# TABLE OF AUTHORITIES
(continued)

Page

*Zachay v. Metzger,*
967 F.Supp. 398 (S.D. Cal. 1997)..........................................................................15

**California Cases**

*Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.,*
14 Cal.App.4th 1595, 1606 (1993) .........................................................................23

*Elsheref v. Applied Materials, Inc.,*
223 Cal.App.4th 451 (2014) ...................................................................................23

*Farmers Ins. Group v. County of Santa Clara,*
11 Cal.4th 992 (1995) .............................................................................................16

*Fermino v. Fedco, Inc.,*
7 Cal.4th 701 ..........................................................................................................23

*Kuntz v. Del E. Webb Constr. Co.,*
57 Cal.2d 100 (1961) ..............................................................................................23

*Lisa M. v. Henry Mayo Newhall Mem. Hosp.,*
12 Cal.4th 291 (1995) .............................................................................................16

*McCoy v. Pacific Maritime Ass'n,*
216 Cal.App.4th 283 (2013) ...................................................................................18

*Morgan v. Regents of Univ. of Calif.,*
88 Cal.App.4th 52 (2000) .......................................................................................22

*Perry v. County of Fresno,*
215 Cal.App.4th 94 (2013) .....................................................................................16

*Talley v. County of Fresno,*
51 Cal.App.5th 1060 (2020) ...................................................................................19

*Ventura v. ABM Indus. Inc.,*
212 Cal.App.4th 258 (2012) ...................................................................................23

*Vernon v. State of Calif.,*
116 Cal.App.4th 114 (2004) ...................................................................................18

*Villanazul v. City of Los Angeles,*
37 Cal.2d 718 (1951) ..............................................................................................18

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

# TABLE OF AUTHORITIES
(continued)

Page

*Williams v. Sacramento River Cats Baseball Club, LLC*,
    40 Cal.App.5th 280 (2019) ...................................................................................18

**Federal Statutes**

18 U.S.C
    § 1595(a) ...........................................................................................................15

28 U.S.C.
    § 1391 ...........................................................................................................12, 13

**California Statutes**

Cal. Civ. Code
    § 1708.5(a)(1)-(5) ............................................................................................15

Cal. Gov't Code
    § 12926(d) .......................................................................................................21

Civil Code
    § 1708.5 ...........................................................................................................15

**Other Authorities**

2 Cal. Code Reg. § 11008(c) ...................................................................................18

Fed. R. Civ. Proc. 12(b)(1) ..............................................................................7, 24

Fed. R. Civ. Proc. 12(b)(3) ..............................................................................7, 12

Fed. R. Civ. Proc. 12(f) ..........................................................................................24

St. Lucia's Equality Opportunity and Treatment in Employment and Occupation Act,
    Part 2, 4.(1) .....................................................................................................18

U.S. Const. Article III, § 2 ......................................................................................24

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

## I.    INTRODUCTION

Defendants Maxim, Inc., Maxim Media, Inc., and Biglari Holdings Inc. (collectively "Maxim Defendants") file this second motion alternatively under Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction), 12(b)(3) (improper venue), 12(b)(6) (failure to state a cause of action), 12(e) (more definitive statement), and 12(f) (motion to strike). Specifically, the Maxim Defendants contend that *first*, the matter is not properly venued in the California courts because none of the pertinent events and omissions giving rise to the claims occurred in California, and nothing prevents another appropriate district court from hearing this matter. Fed. R. Civ. Proc. 12(b)(3). Thus, the First Amended Complaint ("FAC") should be dismissed in its entirely.

*Second*, Plaintiff's first cause of action under the Trafficking Victims Protection Act fails because no facts allege proper venue or that the Maxim Defendants had knowledge of or received anything of value from the allegations, even accepting the allegations in the FAC as true.

*Third*, the second cause of action for sexual battery and third cause of action for sexual assault fail as a matter of law as they relate to the Maxim Defendants because no facts establish that the conduct of the individuals Defendants arose out of their employment (and they were not employees anyway), and there are no facts alleging that the Maxim Defendants had knowledge of the individual Defendants' alleged conduct.

*Fourth*, Plaintiff's fifth through tenth causes of action under the Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code §12940), ninth cause of action for wrongful termination, and fifteenth cause of action under the St. Lucia Equality Opportunity and Treatment in Employment and Occupation Act must all be dismissed because Plaintiff fails to plead facts establishing an employment relationship between the Maxim Defendants and Plaintiff, Thomas Herd, or Dimetri Hogan.

*Fifth*, Plaintiff's fifth cause of action for sexual harassment in violation of FEHA, sixth cause of action for discrimination in violation of FEHA, seventh cause of action

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

for failure to prevent harassment and discrimination in violation of FEHA, eighth cause of action for retaliation in violation of FEHA, ninth cause of action for wrongful termination in violation of public policy, and tenth cause of action for aiding and abetting in violation of FEHA all fail because FEHA does not extend to conduct that does not occur within California. Moreover, Maxim Media, Inc. does not employ at least five persons, and thus is not covered by FEHA. Additionally, the FEHA claims for harassment, retaliation, and aiding and abetting also fail because there are no facts establishing that the Maxim Defendants were aware of the individual defendants' allegedly wrongful conduct. And finally, because the FEHA claims fail, the derivative ninth cause of action for wrongful termination, eleventh cause of action for negligence, and twelfth cause of action for negligent supervision also fail because they cannot be maintained if there is no FEHA violation.

*Sixth*, the eleventh cause of action for negligence and twelfth cause of action for negligent supervision fail because workers' compensation is the exclusive remedy for workplace injuries.

*Seventh*, the thirteenth cause of action for intentional infliction of emotional distress and fourteenth cause of action for negligent infliction of emotional distress similarly fail for the same reasons that the sexual battery and sexual assault claims fail.

*Eighth*, the fifteenth cause of action for violation of the St. Lucia Equality Opportunity and Treatment in Employment and Occupation Act must be dismissed because it is a foreign statute and this Court therefore lacks subject matter jurisdiction over that claim.

To the extent that the causes of action against other defendants survive, the Maxim Defendants should alternatively be stricken from the complaint as to the foregoing causes of action for which they cannot be liable as a matter of law.

Leave to amend should be denied because this would now be the fifth opportunity for Plaintiff to properly plead sufficient facts, and it should be clear at this point that Plaintiff has no facts, and will never have any facts, that impose liability on the Maxim

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

Defendants. Plaintiff and her counsel are well aware that the Maxim Defendants never employed Herd, Hogan, or Plaintiff, and indeed that the Maxim Defendants had never heard of Plaintiff until she filed this lawsuit, yet Plaintiff insists on pursuing this case against the Maxim Defendants for the sole reason that Plaintiff perceives that Maxim has deep pockets compared to the two individual defendants who Plaintiff has never attempted to serve.

If the Court declines to dismiss the action, Plaintiff should at least be required to provide a more definitive statement that pleads actual facts demonstrating that Maxim Media, Inc. is subject to FEHA, all facts showing that the Maxim Defendants both received something of value relating to the alleged conduct or knew or should have known about Herd and Hogan's conduct, facts establishing an employment relationship between the Maxim Defendants and Herd and Hogan, and what if any relationship Plaintiff had to the Maxim Defendants that could possibly establish liability.

## II.    BACKGROUND FACTS AND PROCEDURE

### A.    The Parties.[1]

Plaintiff contends that she is a model and social media influencer who was sexually harassed and coerced into performing sexual acts by individual defendants Thomas Herd and Dimetri Hogan. *See* generally FAC, ¶¶ 24-95 (**Dkt. 14**). Herd is the founder and CEO of a digital marketing agency, T1 Advertising, and Mr. Hogan is the Vice President of T1 Advertising. FAC, ¶¶ 15-16; Request for Judicial Notice ("RJN"), Ex. A at FCHR000373, Ex. B at FCHR000386. T1 Advertising purports to publish

---

[1] Plaintiff's administrative charge filed with the Florida Commission on Human Relations using her actual name. When Plaintiff filed her complaint in the Los Angeles County Superior Court, she did so using a pseudonym. In order to file using a pseudonym in federal court a party must make application to do so, which Plaintiff has not done to date. *See John v. County of Sacramento*, 2018 U.S. Dist. LEXIS 86865 (E.D. Cal. 2018). Moreover, because the Maxim Defendants have no employment or contractual relationship of any kind with Plaintiff by her own admission, it cannot verify who she is in this litigation without her identifying herself in some manner. Irrespective, because Plaintiff lodged her administrative charge in her own name and has not sought an order from this court to use a fictitious name, the Maxim Defendants refer to her using the caption name but have not redacted identifying information that appeared in the administrative charge subject to the request for judicial notice.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

between five to 10 articles on behalf of its clients monthly on "over 50 of today's leading magazines and media sites including *Forbes*, *Entrepreneur*, *Haute Living*, *Haute Time*, *Ocean Drive*, *LA Confidential*, *Toys for Boys Magazine*, *Maxim Magazine*, etc." *Id.* As an advertising agency, at times T1 Advertising pays for placements on the online magazine, Maxim.com, for its clients. *Id.* Those posts indicate that they are "Presented by T1" to signify that they are paid content. *Id.*; RJN Ex. A at FCHR000057-000357. In other words, Maxim **charges** T1 Advertising for its posts; Maxim does not pay T1 Advertising (or Herd) for any of Herd's posts (or for any other services). RJN, Ex. A at FCHR000373, Ex. B at FCHR000386.

Maxim Inc., which is primarily dedicated to licensing and media, has been the company controlling the operations, employees, activities and the like for Maxim Magazine ("Maxim") since February 2014. RJN, Ex. A at FCHR000373, Ex. B at FCHR000386. From 2019 to mid-2021, Maxim Inc. employed five to seven persons per quarter. *Id.* Maxim Media Inc. has not been actively operating and, as a result, it has not had any employees during that time period. *Id.* Biglari Holdings is the parent company of Maxim, Inc. RJN, Ex. A at FCHR000029; Ex. A at FCHR 000021.

Plaintiff alleges that she, Herd, Hogan, were employees of the Maxim Defendants. To draw that conclusion, Plaintiff alleges only four facts: (1) Herd's name appears on over 25 articles on the Maxim.com website, which in turn state that they are "Presented by T1," Herd's advertising agency (FAC ¶ 26, RJN Ex. A at FCHR000373, 000057-000357) ; (2) Herd told Plaintiff he is going to help her get a spread and article in Maxim (FAC ¶ 31); (3) Herd told Plaintiff something to the effect of "I write for and work for Maxim" (FAC ¶ 32); and (4) Herd told Plaintiff that the Maxim head publisher asked him to do a travel inspiration piece. (FAC ¶ 55). In other words, the factual foundation of Plaintiff's complaint is built on several statements Herd made to Plaintiff, along with the fact that T1 Advertising articles appear on the Maxim.com website. There are no facts indicating that Plaintiff ever communicated with the Maxim Defendants, received or signed any paperwork, or received compensation from the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Maxim Defendants. *See also* RJN Ex. A at FCHR000373. In addition, when Plaintiff was interviewed by the Florida Commission on Human Relations in connection with her administrative charge, she admitted that she never signed any employment documents, forms, or contracts. RJN Ex. A at FCHR000017, Ex. B at FCHR000029. She also said she thought Herd and Hogan were employees of the Maxim Defendants simply because they told her they were, and because Herd's articles appear on Maxim.com's website. *Id.* In short, there are no facts demonstrating that the Maxim Defendants associated with Plaintiff in any manner, much less employed her, Herd, or Hogan.

## B.   Procedural Background.

On or about July 21, 2021, Plaintiff filed administrative charges against Maxim, Inc. and Maxim Media, Inc. with the Florida Commission on Human Relations ("Commission") alleging almost verbatim the same facts alleged in the complaint. RJN, Ex. A at FCHR00004-000013, Ex. B at FCHR00004-000013. On November 10, 2021, Plaintiff filed an essentially identical administrative charge with the Commission against Biglari Holdings, Inc. RJN, Ex. C. On January 14, 2022, the Commission issued a "Determination: no reasonable cause" to both Plaintiff and Maxim Media, Inc. and Maxim, Inc. RJN, Ex. A at FCHR000464, Ex. B at FCHR000441. On April 1, 2022, the Commission issued a "Determination: no reasonable cause" to the Plaintiff and Biglari Holdings, Inc. RJN, Ex. C.

Plaintiff had 35 days to request an administrative hearing. RJN, Ex. A at FCHR000465, Ex. B at FCHR000442. Rather than do so, on June 8, 2022, Plaintiff filed a nearly identical administrative charge with the California Department of Fair Employment and Housing ("DFEH"). *See* RJN, Ex. D. The DFEH issued a "right to sue letter" and Plaintiff filed her complaint in the Los Angeles County Superior Court on or about June 9, 2022. *Id.* The Maxim Defendants were served on June 29, 2022, and removed to this Court on July 29, 2022. They thereafter filed a motion to dismiss under Federal Rule of Civil Procedure 12, and on August 26, 2022, Plaintiff filed her

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

FAC. The Maxim Defendants now again move to dismiss under Federal Rule of Civil Procedure 12 for the reasons stated below.

## III. ARGUMENT

### A. Venue Is Not Proper in This Court (FRCP 12(b)(3)).

A court may dismiss an action for "improper venue." Fed. R. Civ. Proc. 12(b)(3). Unlike a 12(b)(6) motion, the court is not obligated to accept the pleadings as true and may consider other facts. *R.A. Argueta v. Banco Mexicano, S.A*., 87 F.3d 320, 324 (9th Cir. 1996). Further, once a defendant raises improper venue, the burden shifts to plaintiff to establish why the selected venue is proper. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Venue is governed generally by 28 U.S.C. section 1391. Plaintiff cannot establish that this Court is a proper venue within the meaning of section 1391. *First*, even if the Maxim Defendants reside in California because they do business in California, the complaint establishes that not all defendants reside in California. *Id*., at § 1391(b)(1); *see* FAC ¶¶ 15-16 (failing to identify that Herd or Hogan are residents of California). To the contrary, Plaintiff's own administrative filing with the Commission establishes that Herd and Hogan are residents of Florida. RJN, Ex. A at FCHR000004, Ex. B at FCHR000004.

*Second*, Plaintiff's original complaint failed to plead even a single fact that occurred in California, let alone "a substantial part of the events or omissions giving rise to the claim …." 28 U.S.C. § 1391(b)(2); *Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078, 1079-1080 (9th Cir. 1976). The FAC does not change this failure. Rather, even in the FAC the operative facts still occurred either in Florida or St. Lucia.

For example, Plaintiff still alleges that the first photo shoot occurred in Florida, while the second photo shoot occurred in Saint Lucia. *See* FAC, at ¶¶ 39-41 (alleging conduct occurring in Florida); ¶¶ 62-82 (alleging conduct occurring in Saint Lucia). All the harassing conduct occurred during these purported photo shoots, and there are no

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

12

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

allegations in the FAC that during the meeting in Los Angeles any kind of actionable conduct occurred. *Id*. Thus, not merely a "substantial part of the events" but *all* of the events "giving rise to a claim" occurred outside California. 28 U.S.C. § 1391(b)(2); *Commercial Lighting Products, Inc.*, *supra*, 537 F.2d at 1079-1080.

To try to get around California being an improper venue Plaintiff adds for the first time that Defendants Herd and Hogan met Plaintiff in Los Angeles "around the summer of 2020." (FAC, ¶ 31.) Plaintiff also adds that "around the beginning of July 2020, while Plaintiff and Defendants were in Los Angeles, CA, Defendants MAXIM, MEDIA, T1, BIGLARI and HERD hired Plaintiff to pose for a MAXIM photo-shoot that would take place around July 26, 20230, in Florida." (FAC, ¶ 35.) There are no other allegations that tie this matter to California. And there are no actual facts to demonstrate that the Maxim Defendants ever hired Plaintiff.

By Plaintiff's own admission, her allegation that the Maxim Defendants hired her is false. Specifically, in her interview with the Commission, Plaintiff admitted that she never signed any contracts or employment documents relating to the photo shoots in Florida and St. Lucia. *See* RJN Ex. A at FCHR000017, Ex. B at FCHR000029. As such, Plaintiff knows that the Maxim Defendants did not "hire Plaintiff" in any way, even accepting for the sake of argument that Herd told her he was hiring her for a Maxim photo shoot. Thus, her statement in the FAC that she was hired is contradicted by her admission to the Commission's investigator, and her conclusion that the Maxim Defendants "hired her" in California should be disregarded, and any discussion of potential work opportunities between Herd, Hogan, and Plaintiff is not itself actionable.

*Third*, Plaintiff fails to show that the FAC could not be brought in another judicial district. *See* 28 U.S.C. § 1391(b)(3). Accordingly, the FAC fails to properly plead that venue is proper in the United States District Court for the Central District of California and should be dismissed in its entirety.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

13

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

**B.      Plaintiff Fails to Properly Plead Most Causes of Action (FRCP 12(b)(6)).**

**1.      Standard for a 12(b)(6) Motion.**

Generally, the allegations in the FAC are accepted as true and construed in the light most favorable to the non-moving party on a motion under Federal Rule of Civil Procedure 12(b)(6). However, a court may take judicial notice of state administrative proceedings, and thus consider facts outside the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-690 (9th Cir. 2001); *Demekpe v. County of Los Angeles*, 2015 U.S. Dist. LEXIS 179342, *15-*17 (C.D. Cal. 2015) (taking judicial notice of EEOC charge and citing authorities relating to taking judicial notice of state administrative proceedings). Further, a court may disregard any allegations that are contradicted by facts that are properly subject to judicial notice. *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). This is particularly true where, as here, Plaintiff made admissions to the Commission that contradict her FAC. Thus, to survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" without more. *Id.* After disregarding all of the "labels" and conclusory allegations, the Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (*quoting Iqbal*, 556 U.S. at 679).

**2.      Plaintiff's First Cause of Action Fails to Satisfy the Statute.**

Plaintiff's first cause of action for violation of the Trafficking Victims Protection Act ("TVPA") fails because "[c]ivil causes of action [. . .] do not generally lie under

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

14

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

the criminal statutes contained in Title 18 of the United States Code.'" *Zachay v. Metzger,* 967 F.Supp. 398, 403 (S.D. Cal. 1997). This is generally true because "private citizens do not have the constitutional right to criminally prosecute others." *Thomas v. Bryant*, 2009 U.S. Dist. LEXIS 77031 (W.D. Wash. 2009), *3-*6.

In 2003 Congress amended the TVPA to include a limited civil cause of action "against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew of should have known has engaged in an act in violation of" the TVPA "in an appropriate district court of the United States …." *See* 18 U.S.C § 1595(a). Plaintiff's complaint fails to meet the requirements for pleading a civil cause of action under the TVPA for several reasons. *First*, no facts in the FAC establish that the Maxim Defendants financially benefitted or received anything of value as a result of the conduct alleged. Indeed, no facts even allege that her photographs were used by Maxim for any purpose or in any publication.

*Second*, nothing in the FAC establishes that the Maxim Defendants knew or should have known about either Herd or Hogan's conduct. For example, nowhere in the FAC does Plaintiff indicate that she complained to any of the Maxim Defendants or otherwise put them on notice of the conduct she alleges against Herd or Hogan.

*Third*, the complaint has not been filed in "an appropriate" court because no actionable conduct is alleged to have occurred in California. *See supra* at III.A (venue improper).

### 3.    The Second and Third Causes of Action for Sexual Battery and Sexual Assault Fail.

Plaintiff claims that the Maxim Defendants were liable for the tort of sexual battery under Civil Code section 1708.5. *See* FAC, ¶ 111. However, to establish that a "person" is liable for sexual battery that person must either actually come into contact a person's sexual organs and otherwise intend to cause a "harmful or offensive contact with an intimate part of another …." Cal. Civ. Code, § 1708.5(a)(1)-(5). Here, the Maxim Defendants are not natural persons, but legal entities. As such, they cannot

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

15

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

actually come into contact with Plaintiff's sexual organs. Rather, the only basis for liability would be if the Maxim Defendants knew or should have known and otherwise intended Hogan to engage in such conduct. However, no facts are pled to meet that burden.

Plaintiff asserts that the Maxim Defendants "knew or should have known, of the assaults and batteries, but ratified the conduct, as described herein above, by failing to adequately, or at all take remedial steps against Defendant HOGAN, refusing to intervene to protect Plaintiff, among other acts of ratification." FAC, ¶ 117. These are not facts, but conclusions that fail the basic pleading standards set out by the Supreme Court in *Iqbal* and *Twombly*.

Even assuming that Hogan engaged in the conduct that Plaintiff alleges, the issue is whether Hogan's conduct "may fairly be regarded as typical of or broadly incidental to the enterprise undertaken by the employer." *Farmers Ins. Group v. County of Santa Clara*, 11 Cal.4th 992, 1003 (1995). "That the employment brought tortfeasor and victim together in time and place is not enough … [T]he incident leading to injury must be an outgrowth of the employment … [or] the risk of tortious injury must be inherent in the working environment." *Lisa M. v. Henry Mayo Newhall Mem. Hosp.,* 12 Cal.4th 291, 298 (1995) (internal quotes omitted); *Perry v. County of Fresno*, 215 Cal.App.4th 94, 102 (2013) ("mere fact that an employee has an opportunity to abuse facilities or authority necessary to the performance of that employee's duties does not render the employer vicariously liable"). In addressing the tort of sexual battery, the court requires that the intentional tort must have a "causal nexus to the employee's work." *Lisa M.*, 12 Cal.4th at 297.

Here, Plaintiff pleads no facts showing how such conduct was clearly either foreseeable or within the course and scope of employment. Importantly, and as discussed further below, she fails to plead facts establishing any employment relationship between the Maxim Defendants and Herd and Hogan. For example, Plaintiff claims that Herd told Plaintiff "that he is going to help her and is going to get

16

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

plaintiff a Maxim spread and article in Maxim" and that he "told Plaintiff something to the effect of, 'I write for and work for Maxim.'" FAC, ¶¶ 31-32. However, offering to "help" and claiming to "work for" are not facts that establish an employment relationship between the Maxim Defendants and either Herd or Hogan. Moreover, these statements are contradictory to her claim that "Hogan is Herd's business partner" and "engage[d] in business with" T1. FAC, ¶¶ 29-30. Taking these allegations together suggests the truth – that Hogan and Herd were business partners who owned T1, and that T1 did business with the Maxim Defendants; these facts do not support that either Hogan or Herd were employees of the Maxim Defendants.  To the contrary, Plaintiff's careful pleading that Herd said "something to the effect" followed by the quote "work for" demonstrates that Herd never told Plaintiff he was an employee of any of the Maxim Defendants.

In addition, Plaintiff claims the Maxim Defendants "knew or should have known" about the assault and battery but fails to provide any facts to explain how or why. She does not plead that she told the Maxim Defendants about Hogan's comments at the Florida photo shoot, or about the conduct in St. Lucia, nor does she claim to have filed a police report that was shared with them, or even that she posted about her experiences on social media or some other forum that might have made been brought to the Maxim Defendants' attention. Thus, on what *factual* basis does she conclude that the Maxim Defendants knew or should have known about Hogan's conduct? She does not say. Something more is required to meet her pleading burden.

Having failed to plead any facts showing how the Maxim Defendants knew or possibly could have known about Hogan's conduct, particularly given the lack of any facts showing Plaintiff communicated them to anyone, requires that her claim for the tort of sexual battery be dismissed for failure to plead all facts necessary to establish the critical element showing that the Maxim Defendants (and each of them separately) intended to cause Plaintiff harm.

For the same reasons that the second cause of action for sexual battery fails, the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

17

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

third cause of action for sexual assault also fails; that is, the Maxim Defendants, as legal entities, could not have engaged in kind of actual physical conduct, and Plaintiff fails to establish any facts demonstrating that the Maxim Defendants knew, should have known, or otherwise ratified Hogan's or Herd's conduct.

### 4. The Maxim Defendants Never Employed Plaintiff, Herd, or Hogan, and Therefore All Causes of Action Predicated on an Employment Relationship Fail.

Plaintiff's FEHA, wrongful termination, and St. Lucia Equality Opportunity and Treatment in Employment and Occupation Act ("St. Lucia EOTEOA") claims must all be dismissed because Plaintiff fails to plead facts establishing an employment relationship between the Maxim Defendants and Plaintiff, Herd, or Hogan. To state claim against the Maxim Defendants under those statutes, Plaintiff must first establish that the Maxim Defendants employed her. *See* Cal. Gov. Code § 12940 (prohibiting unlawful employment acts by an "employer"); *Williams v. Sacramento River Cats Baseball Club, LLC*, 40 Cal.App.5th 280, 287-288 (2019) (holding that there was no wrongful termination claim because there was no employment relationship); St. Lucia EOTEOA, Part 2, 4. (1) ("This Act applies to all employees and employers in the public and private sectors who are engaged in an employment relationship.").

The existence of an employment relationship under FEHA requires a consideration of the totality of the circumstances, including payment of salary or other benefits; ownership of the equipment used by the employee; the location of the relevant work; responsibility for training the employee; authority to promote or discharge the employee; and power to determine the schedule, assignment, and amount of the employee's compensation. *See Vernon v. State of Calif.*, 116 Cal.App.4th 114, 124-125 (2004); *McCoy v. Pacific Maritime Ass'n*, 216 Cal.App.4th 283, 301-302 (2013). The essential characteristic of an employment relationship is the right to control and direct the activities of the person rendering service, and the manner and method in which the work is performed. *Villanazul v. City of Los Angeles*, 37 Cal.2d 718, 721 (1951); 2 Cal. Code Reg. § 11008(c). Further, an individual is not an employee under the FEHA absent

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

renumeration, which must be of a "quantifiable, financial nature that is significant and not merely incidental to the work activities performed." *Talley v. County of Fresno*, 51 Cal.App.5th 1060, 1083-1086 (2020) (participant in county work release program as part of criminal sentence was not employee under FEHA because no renumeration for work performed).

Although Plaintiff's complaint contains 242 paragraphs, almost every single paragraph is a conclusory statement alleging that the Maxim Defendants "employed" Plaintiff, Herd, and Hogan. Apparently, Plaintiff hopes that by repeating the same allegation over and over it will become true. In reality, there are only four *actual facts* in the complaint which relate to the Maxim Defendants: (1) Herd's name appears on over 25 articles on the Maxim.com website, and those articles in turn state that they are "Presented by T1," Herd's advertising agency (FAC ¶ 26, RJN Ex. A at FCHR000373, 000057-000357; (2) Herd told Plaintiff he is going to *help her* get a Maxim spread and article in Maxim (FAC ¶ 31); (3) Herd told Plaintiff *something to the effect of* "I write for and work for Maxim" (FAC ¶ 32); and (4) Herd told Plaintiff that the Maxim head publisher asked him to do a travel inspiration piece. (FAC ¶ 55). None of these facts demonstrate any affirmative actions by the Maxim Defendants to create or maintain an employment relationship with Herd or Hogan, much less with Plaintiff. For example, there are no facts showing that the Maxim Defendants paid them, provided equipment, assigned work, determined the location of work, provided training, determined their schedule, or otherwise exercised any degree of control over either Herd, Hogan, or Plaintiff. As to Plaintiff, there are not even any allegations that she ever communicated with the Maxim Defendants in any manner. She does not allege that she interviewed with Maxim, submitted an I-9 or Form W-4, received an offer letter or contract of employment, or was paid or promised to be paid by the Maxim Defendants. Plaintiff admitted to the Commission investigator that she never signed any employment documents, forms, or contracts. RJN Ex. A at FCHR000017, Ex. B at FCHR000029. At most, Plaintiff's FAC establishes that individual defendants Herd and Hogan falsely

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

19

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

claimed that they "worked for" the Maxim Defendants, but there are no allegations showing that any of the Maxim Defendants actually gave them any authority nor were the Maxim Defendants aware that Herd and Hogan made any representations to Plaintiff.

In addition, the allegations in the FAC contradict the allegations in the administrative charge. For example, while the FAC claims that the Maxim Defendants "hired" Plaintiff, in her administrative charges against the Maxim Defendants she alleges that "HERD hired Claimant." RJN, Ex. A at FCHR000007, ¶ 10. Apparently discovering the defect in her administrative charge, she added allegations in the FAC, but did so after receiving the Maxim Defendants' position statements, and thus knew that her allegations were not supported by actual evidence. Of course, her admission to the Commission's investigator that the Maxim Defendants never hired her alone establishes her lack of candor in the FAC. As such, the Court should be mindful of Plaintiff's FAC, including its contradictions with her administrative charge and that virtually no actual facts – merely conclusory statements – are alleged in the FAC that relate to the Maxim Defendants. Because Plaintiff cannot establish any bona fide facts showing an employment relationship between Maxim Defendants and either Herd, Hogan, or Plaintiff, the FEHA, wrongful termination, and St. Lucia claims must be dismissed.

### 5.   Plaintiff's FEHA Claims and Derivative Claims Fail.

#### a.   Because No Conduct Occurred in California, Plaintiff Has Not Pled Sufficient Facts Under FEHA or the Derivative Claims (Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Causes of Action).

The Complaint alleges that all relevant conduct occurred either in Florida or Saint Lucia. No actionable conduct is alleged to have occurred within California. FEHA does not extend to conduct that occurred outside California. *See Gulaid v. CH2M Hill, Inc.*, 2016 U.S. Dist. LEXIS 137227 (N.D. Cal. 2016), *24-*26 (gathering cases holding that FEHA does not apply to conduct that occurs outside California even if the plaintiff is a

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

California resident).

In addition, because all FEHA claims fail, the derivative ninth cause of action for wrongful termination, fifteenth cause of action for negligent supervision and sixteenth cause of action for negligent failure to warn, train or educate also fail. *Gulaid*, 2016 U.S. Dist. LEXIS 137227 at *29 (noting that if a plaintiff fails to plead a FEHA claim, then "as a matter of law Plaintiff therefore also does not sufficiently state a claim for failure to take all reasonable steps to prevent such conduct.") (citation omitted).

### b.  Maxim Media, Inc. Is Not Subject to FEHA.

Maxim Media, Inc. is not subject to FEHA because it did not regularly employ five or more persons during the relevant period. See Cal. Gov't Code, § 12926(d) (defining an "employer" under FEHA as a person that "regularly employing five or more persons …."). This fact was made clear in the November 16, 2021, Declaration of Kai Olderog, which is part of the administrative charge, who stated that Maxim Media, Inc. "is an inactive company.  It was formed in 2014 to hold licenses and trademarks acquired by Maxim Inc. [Maxim Media, Inc.] has never had any employees and was never utilized to hold licenses and trademarks." RJN, Ex. B at FCHR000439, ¶3. Because the Complaint's allegation that Maxim Media, Inc. "regularly employ[s] five or more persons in the State of California" (see FAC, ¶ 4) is contradicted by sworn statement that may be judicially noticed as part of the state administrative charge proceedings, the Court can ignore this allegation and find that Maxim Media, Inc. is not subject to FEHA. In spite of what is clearly uncontroverted fact, Plaintiff insists on continuing to name Media in its FAC for causes of action to which it cannot be held liable.

### c.  Plaintiff's FEHA Claims for Harassment, Retaliation, and Aiding and Abetting Fail Because There Are No Facts Establishing that the Maxim Defendants Were Aware of Illegal Conduct.

The Maxim Defendants cannot be liable under Plaintiff's harassment, retaliation, or aiding and abetting FEHA claims because there are no facts indicating

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

that Maxim Defendants were made aware of the actions of Herd and Hogan. Even assuming, *arguendo*, that the Maxim Defendants employed Plaintiff, Herd, and Hogan, to impose liability on the Maxim Defendants for those claims the employer must know (or should know) of the unlawful and harassing conduct, and it must know of Plaintiff's protected activity (i.e. complaints of harassment). *See Morgan v. Regents of Univ. of Calif.*, 88 Cal.App.4th 52, 70 (2000) (quoting *Cohen v. Fred Meyer, Inc*., 686 F.2d 793, 796 (9th Cir. 1982) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."); *Mulhall v. Ashcroft*, 287 F.3d 543, 551 (6th Cir. 2002) (the mere opportunity to learn of employee's protected activity not the same as knowledge); Cal. Gov. Code § 12940(j)(1) ("Harassment of an employee … shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action."); Cal. Gov. Code § 12940(i)) (making it unlawful for "any person" to "aid, abet, incite, compel or coerce" unlawful discrimination by the employer). In other words, there is no vicarious liability for such claims.

The FAC includes no facts demonstrating that Plaintiff told the Maxim Defendants about Hogan and Herd's alleged conduct in Florida or St. Lucia, much less that she has ever communicated with the Maxim Defendants in any capacity whatsoever. There are also no facts demonstrating that the Maxim Defendants knew or should have known, aside from the bare conclusory statement made throughout the complaint that the Maxim Defendants "knew or should have known." Plaintiff appears to base that conclusion on her other conclusion that the Maxim Defendants employed her, Herd, and Hogan, which is also devoid of any factual basis. Even if it were true, the harassment, retaliation, and aiding and abetting claims still fail because an employment relationship is not enough to establish liability.

### 6. The Negligence and Negligent Supervision Claims Fail Because Workers' Compensation Is the Exclusive Remedy for Workplace Injuries.

Injuries caused by employer negligence, including claims based on an

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

22

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

employer's alleged negligence in hiring or supervision, or without employer fault, are subject to workers' compensation exclusivity. *See Fermino v. Fedco, Inc.*, 7 Cal.4th 701, 713-714*; Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.*, 14 Cal.App.4th 1595, 1606 (1993) (holding that claims against employer for negligent supervision barred by workers' compensation exclusivity). Here, as discussed above, there are no facts demonstrating that the Maxim Defendants knew of and ratified Herd and Hogan's conduct. *Cf. Ventura v. ABM Indus. Inc.*, 212 Cal.App.4th 258, 271-272 (2012) (finding that evidence that employer failed to address complaints that supervisor harassed a female employee was sufficient to demonstrate ratification).  Thus, if Plaintiff alleges that the Maxim Defendants employed Herd, Hogan, and herself, then her negligence and negligent supervision claims must be dismissed as they are barred by the workers' compensation exclusivity doctrine.

### 7.     The Intentional and Negligent Infliction of Emotional Distress Claims Fail.

To state a claim for either intentional or negligent infliction of emotional distress, Plaintiff must plead facts establishing a duty, breach, causation and damages. *McGee v. Poverello House*, 2021 U.S. Dist. LEXIS 153127 (N.D. Cal. 2021), *32-*33. Whether a duty exists is a legal issue.  Here, the Maxim Defendants owed Plaintiff no legal duty to prevent the conduct of Herd or Hogan.

*First*, as already discussed, Plaintiff was not an employee of the Maxim Defendants. Thus, the duty owed to her is greatly diminished, as the courts "are cognizant that imposing a duty on employers toward nonemployee persons saddles the defendant employer with a burden of uncertain but potentially very large scope." *Elsheref v. Applied Materials, Inc.*, 223 Cal.App.4th 451, 460 (2014).

*Second*, as also already discussed, there are no facts sufficient to establish that either Herd or Hogan were employees of the Maxim Defendants, and thus no basis to impose a legal duty upon a principal for the unauthorized acts of independent contractors. *Accord Kuntz v. Del E. Webb Constr. Co.*, 57 Cal.2d 100, 106 (1961)

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

23

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

(principal is under no duty to ensure that a contractor's work is performed in accordance with safety precautions).

*Third*, as further already discussed, there are no facts showing that Plaintiff notified the Maxim Defendants of Herd or Hogan's conduct, either after the first photo shoot in Florida, or after the second occurrence in St. Lucia. There are no facts showing that such conduct was foreseeable, such as previous conduct by Herd or Hogan that the Maxim Defendants knew about. Thus, her allegations that the Maxim Defendants knew or should have known about Hogan or Herd's conduct is conclusory and fails to meet basic pleading standards.

## C.   Plaintiff's Fifteenth Cause of Action for Violation of Saint Lucia's Equality Opportunity and Treatment in Employment and Occupation Act Fails (FRCP 12(b)(1)).

Plaintiff's cause of action for violation of Saint Lucia's Equality Opportunity and Treatment in Employment and Occupation Act fails for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Federal courts only have jurisdiction over cases involving the United States government, the Constitution or federal laws, or controversies between states or between the U.S. government and foreign governments. *See* U.S. Const. Art. III, § 2; *Ankenbrandt v. Richards*, 504 U.S. 689, 695-697 (1992). St. Lucia is not a U.S. territory (and there is no allegation that it is), and Saint Lucia's Equality Opportunity and Treatment in Employment and Occupation Act is not a federal law, and therefore Plaintiff's fifteenth cause of action must be dismissed.

## D.   If the Court Will Not Strike the FEHA Causes of Action From the Complaint, Maxim Media, Inc. Should at Least Be Stricken Because It Is Not Subject to That Statute (FRCP 12(f)).

If the court will not dismiss the FEHA and derivative causes of action, Maxim Media, Inc. should at least be stricken from the fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth causes of action because it is not subject to FEHA. Fed. R. Civ. Proc. 12(f).

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

24

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

### E.   Plaintiff Should Be Denied Leave to Amend.

While amendments to pleadings are to be liberally granted, that rule does not apply when there is "undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Narayan v. Cty. of Sacramento*, 2022 U.S. Dist. LEXIS 12808, *11 (E.D. Cal. 2022).  A second amended complaint would be plaintiff's fifth attempt to properly plead claims: (1) her administrative charge with the Commission; (2) her administrative charge with the DFEH; (3) her original complaint; and (4) the current FAC. Given the detailed responses to the administrative charge before the Commission, it is clear that Plaintiff knows that, for example, her FEHA claims against Maxim Media, Inc. are false, as are her claims that the Maxim Defendants hired her, Herd, or Hogan.  Her persistence in perpetuating false allegations in the FAC unduly prejudices the Maxim Defendants, are made in bad faith and futile. As such, Plaintiff should be denied the opportunity to file a second amended complaint.

### F.   If the Court Declines to Dismiss the Causes of Action, Plaintiff Should Still Be Compelled to Offer a More Definitive Statement of Facts.

Even if the court will not dismiss the causes of action as set forth in this Motion, Plaintiff should still be compelled to provide a more definitive statement that clarifies all facts that occurred in California, all facts showing that Maxim Media, Inc. is subject to FEHA, all facts showing that the Maxim Defendants are her employer and Herd and Hogan's employer, all facts demonstrating how the Maxim Defendants "knew" or should have known about Herd or Hogan's conduct, all facts showing that the Maxim Defendants both received something of value relating to the alleged conduct, and all facts establishing a legal duty to Plaintiff on the part of the Maxim Defendants.

## IV.   CONCLUSION

For the numerous reasons discussed above, the Complaint and each cause of action should be dismissed against the Maxim Defendants without leave to amend. The Maxim Defendants have never had any relationship with Plaintiff and they do not belong in this case. If nothing else, Plaintiff should be required to plead actual facts

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT

1  rather than mere conclusions demonstrating that the Maxim Defendants have liability

2  as alleged.

3

4

5  Dated:          September 9, 2022          LITTLER MENDELSON, P.C.

6

7  _____
   William Hays Weissman

8  Michael W. Nelson

9  Attorneys for Defendants
   Maxim, Inc., Maxim Media, Inc. and

10  Biglari Holdings

11  4894-4128-1841.3 / 117062-1001

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

26

DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, OR FOR A MORE DEFINITIVE STATEMENT